UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
LAURENCE BROWN and
CECILIA SHIM,                                             :
        Plaintiffs,
                                                    :     **ANSWER**
   -against-                                                    08 CIV 7430 (Batts, J.)
                                                    :
17TH STREET ENTERTAINMENT II,
LLC, d/b/a 1 OAK, SCOTT SARTIANO         :
and RICHIE AKIVA,
        Defendants.                                  :
_____X

        The Defendants, by their attorneys, Meltzer, Lippe, Goldstein & Breitstone, LLP, as and for their Answer to the Subject Complaint, set forth the following:

        1.    Defendants neither admit nor deny the allegations of Paragraph 1 of the Complaint, as they are not allegations of fact, but rather state legal conclusions.

        2.    Defendants neither admit nor deny the allegations of Paragraph 2 of the Complaint, as they are not allegations of fact, but rather state legal conclusions, and refer all conclusions of law to the Court.

        3.    Defendants neither admit nor deny the allegations of Paragraph 3 of the Complaint, as they are not allegations of fact, but rather state legal conclusions, and refer all conclusions of law to the Court.

        4.    Defendants deny knowledge or information and information as to form sufficient belief as to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint except admits Plaintiff Brown is a black female.

        5.    Defendants deny knowledge or information and information as to form sufficient belief as to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint except admits Plaintiff Shim is an Asian female.

6. Defendants deny the allegations of Paragraph 6 of the Complaint

7. Defendants admit the allegations of Paragraph 7 of the Complaint.

8. Defendants admit the allegations of Paragraph 8 of the Complaint.

9. Defendants deny the allegations of Paragraph 9 of the Complaint.

10. Defendants admit the allegations of Paragraphs 10 of the Complaint

11. Defendants deny the allegations of Paragraphs 11 of the Complaint

12. Defendants admit the allegations of Paragraph 12 of the Complaint.

13. Defendants admit the allegations of Paragraph 13 of the Complaint.

14. Defendants deny the allegations of Paragraph 14 of the Complaint.

15. Defendants deny the allegations of Paragraph 15 of the Complaint.

16. Defendants deny the allegations of Paragraph 16 of the Complaint.

17. Deny the allegations of Paragraph 17 of the Complaint, except to admit the Plaintiffs were separated from their employment with the Plaintiff referred to as 1 Oak.

18. Defendants deny the allegations of Paragraph 18 of the Complaint.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Subject Complaint.

20. With respect to the allegations of Paragraph 20 of the Complaint, Defendants repeat and reallege all admissions and denials set forth in response to the paragraphs referenced therein as though set forth at length herein.

21. Defendants deny the allegations of Paragraph 21 of the Complaint.

22. Defendants deny the allegations of Paragraph 22 of the Complaint.

23. Defendants deny the allegations of Paragraph 23 of the Complaint.

24. With respect to the allegations of Paragraph 24 of the Complaint, Defendants repeat and reallege all admissions and denials set forth in response to the paragraphs referenced therein as though set forth at length herein.

25. Defendants deny the allegations of Paragraph 25 of the Complaint.

26. Defendants deny the allegations of Paragraph 26 of the Complaint.

27. Defendants deny the allegations of Paragraph 27 of the Complaint.

28. With respect to the allegations of Paragraph 28 of the Complaint, Defendants repeat and reallege all admissions and denials set forth in response to the paragraphs referenced therein as though set forth at length herein.

29. Defendants deny the allegations of Paragraph 29 of the Complaint.

30. Defendants deny the allegations of Paragraph 30 of the Complaint.

31. Defendants deny the allegations of Paragraph 31 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

32. To the extent plaintiffs have failed to make a diligent and good faith effort to mitigate their purported damages, any relief awarded upon their claim in this action must be dismissed or reduced, in whole or in part.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

33. The complaint and all claims for relief stated therein should be dismissed because the defendants, at all times, acted reasonably and in good faith toward the plaintiffs without regard to their national origin, and did not engage in unlawful conduct or other wrongdoing.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

34. Even if it were shown that plaintiffs' race, color gender and ethnicity was the subject of any action(s), defendants would have taken the same action(s) with respect to the plaintiffs without regard thereto and, as such, this complaint should be dismissed for failure to state a claim upon which relief could be granted and/or any relief to each plaintiff should be limited or precluded.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

35. Plaintiffs' claims should be dismissed to the extent that they are barred by applicable statutes of limitations.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

36. The Court should not exercise subject matter, pendent or supplemental jurisdiction over plaintiffs' non-federal claims and, consequently, should dismiss plaintiffs' non-federal claims for lack of subject matter jurisdiction.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE

37. Plaintiffs' federal discrimination claims should be dismissed to the extent that they were not asserted in any administrative charge filed by plaintiffs with the U.S. Equal Employment Opportunity Commission or otherwise do not satisfy statutory or jurisdictional prerequisites to suit and/or plaintiffs failed to fulfill all jurisdictional or other prerequisites to suit.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

38. To the extent the plaintiffs engaged in acts of misconduct prior to or during their employment which, if known, would have resulted in termination of the employment of any of the plaintiffs, any relief awarded should be reduced, in whole or in part, because of such misconduct.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

39. Since defendants Scott Sartiano and Richie Akiva were not plaintiffs' employer, all claims against said defendants should be dismissed.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

40. Plaintiffs' claim for punitive damages and attorneys' fees under the New York State Human Rights Law should be dismissed because that law does not provide for such Remedies.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

41. To the extent plaintiffs failed to satisfy or fulfill all jurisdictional or statutory prerequisites to suit, all claims under the New York Administrative Code or other laws should be dismissed.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

42. Plaintiffs have failed to exhaust administrative remedies.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

43. 42 USC §1981 is inapplicable to the case at bar.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

44. The Subject Complaint fails to state a claim for which relief may be granted.

**WHEREFORE**, the Defendants, 17TH Street Entertainment II, LLC, d/b/a 1 Oak, Scott Sartiano and Richie Akiva, respectfully requested that the Subject Complaint be dismissed in its entirety and that they be awarded such other and further relief as this Court deems just and proper.

Dated: Mineola, New York
October 20, 2008

                                                   MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

                                                   By_____/s/_____
                                                   Jonathan D. Farrell (JDF-7324)
                                                   Richard M. Howard (RMH-2932)
                                                   Attorneys for Defendants
                                                   190 Willis Avenue
                                                   Mineola, New York 11501
                                                   (516) 747-0300

TO:   D. Maimon Kirschenbaum, Esq.
        Joseph & Herzfeld, LLP
        Attorneys for Plaintiffs
        757 Third Avenue
        New York, NY 10017

Index No. 08 CIV 7430 (Batts, J.)   Year 200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAURENCE BROWN and CECILIA SHIM,

Plaintiffs,

-against-

17TH STREET ENTERTAINMENT II, LLC, d/b/a 1 OAK, SCOTT SARTIANO and RICHIE AKIVA,

Defendants.

**ANSWER**

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP
*Attorney(s) for*

*Office and Post Office Address*
190 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 747-0300

To

*Attorney(s) for*

Service of a copy of the within                    is hereby admitted.

Dated,                                                          200

                                                          _____
                                                          *Attorney(s) for*

---

**NOTICE OF ENTRY**

Sir: - Please take notice that the within is a (certified) true copy of a duly entered in the office of the clerk of the within named court on                                       200

Dated,

Yours, etc.

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP
*Attorney(s) for*

*Office and Post Office Address*
190 WILLIS AVENUE
MINEOLA, N.Y. 11501

**NOTICE OF SETTLEMENT**

Sir: - Please take notice that an order                    of which the within is a true copy will be presented for settlement to the Hon.                             one of the judges of the within named court, at                                                                           on the            day of                             M.
at                                                                                   200
Dated,

Yours, etc.

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP
*Attorney(s) for*

*Office and Post Office Address*
190 WILLIS AVENUE
MINEOLA, N.Y. 11501

To

                                                          _____
                                                          *Attorney(s) for*

---

STATE OF NEW YORK
COUNTY OF                     ss.:

**ATTORNEY'S AFFIRMATION**

The undersigned, an attorney admitted to practice in the courts of New York State, hereby affirms as true under all the penalties of perjury that affiant is

the attorney(s) of record for

in the within action; that affiant has read the foregoing

and knows the contents thereof; that the same is true to affiant's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that those matters affiant believes to be true. Affiant further says that the reason this affirmation is made by affiant and not by

The grounds of affiant's belief as to all matters not stated upon affiant's knowledge are as follows:

**COMPLIANCE PURSUANT TO 22 NYCRR §130-1.1a**

To the best of the undersigned's knowledge, information and belief formed after an inquiry reasonable under the circumstances, the within document(s) and contentions contained herein are not frivolous as defined in 22 NYCRR §130-1.1a

Dated