JOSEPH & HERZFELD LLP
Charles Joseph (CJ 9442)
D. Maimon Kirschenbaum (DK 2338)
757 Third Avenue
New York, New York 10017
(212) 688-5640

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————x

| | |
|---|---|
| LAURENCE BROWN and CECILIA SHIM, | Index No. 08 Civ. 7430 (Batts, J.) |
| Plaintiffs, | FIRST AMENDED COMPLAINT |
| - against - | <u>JURY TRIAL DEMANDED</u> |
| 17TH STREET ENTERTAINMENT II LLC d/b/a 1 OAK, SCOTT SARTIANO, and RICHIE AKIVA | |
| Defendants. | |

———————————————————x

Plaintiffs Laurence Brown and Cecilia Shim ("Plaintiffs"), by their attorneys, Joseph & Herzfeld LLP, allege:

### NATURE OF THE CASE

1. This action is brought against Defendants 17TH Street Entertainment II LLC ("1 Oak"), Scott Sartiano, and Richie Akiva pursuant to 42 U.S.C. § 1981 ("Section 1981"), the New York State Human Rights Law ("NYSHRL"), N.Y Exec. Law §§ 290 *et seq.*, and the New York City Human Rights Law, Administrative Code of the City of New York §§ 8-101 *et seq.* ("NYCHRL").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the Section 1981 claims because they arise under the laws of the United States and are brought to recover damages for deprivation of equal rights, and supplemental subject matter jurisdiction over the NYSHRL and NYCHRL claims under 28 U.S.C. § 1367, because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), and 42 U.S.C. § 2000e-5(f)(3), because Defendants have offices, conduct business, and can be found in this District, and because the cause of action arose and the acts and omissions complained of occurred in this district.

## PARTIES

4. Plaintiff Laurence Brown is a black female who lives in New York, New York.

5. Plaintiff Cecilia Shim is an Asian-American female who lives in New York, New York.

6. Defendant 17th Street Entertainment II LLC ("1 Oak") is a New York State limited liability company with its headquarters and principal place of business at 453 West 17th Street, New York, New York 10011.

7. Upon information and belief, Defendant Scott Sartiano is an individual residing in New York, New York. Upon information and belief, Mr. Sartiano is the sole member of Columbia Consultants, LLC, a limited liability company formed under the laws of Florida that has an ownership interest in 1 Oak.

8. Upon information and belief, Defendant Richie Akiva is an individual residing in New York, New York. Mr. Akiva is an owner and operator of 1 Oak.

## FACTUAL HISTORY

9. In or about March of 2008, Ms. Brown was hired as a bartender with 1 Oak by Francis McHugh, a white male manager.

10. Ms. Brown is black.

11. On June 2, 2008, Ms. Shim was hired as a cocktail waitress with 1 Oak by Mr. McHugh.

12. Mr. Sartiano was on vacation in or about June, 2008 and was not present when Ms. Shim was hired.

13. Ms. Shim is Asian-American.

14. On June 2, 2008, during Ms. Shim's initial interview at 1 Oak, Mr. McHugh suggested that Ms. Shim's race could affect her employment, saying: "You [Ms. Shim] will have to work twice as hard if you want to stay here."

15. Throughout Ms. Shim's and Ms. Brown's employment, Mr. McHugh repeatedly informed them that Mr. Sartiano did not like black and Asian people.

16. On July 4, 2008, Mr. McHugh informed Ms. Brown that, despite excellent job performance, her position was at risk. Mr. McHugh said that Mr. Sartiano had a "fear of Asians and blacks." Mr. McHugh told Ms. Brown that Mr. Sartiano had said at a recent meeting that he did not want to continue employing blacks and Asians. Mr. McHugh quoted Mr. Sartiano as saying: "What's the point of having girls if we can't fuck them?" Mr. McHugh then stated in substance that Mr. Sartiano would replace them with "white girls he could fuck."

17. On July 8, 2008, Mr. McHugh separately terminated Ms. Brown and Ms. Shim. Mr. McHugh reiterated Mr. Sartiano's discriminatory remarks to Ms. Shim when he fired her. Mr. McHugh told Ms. Shim: "Scott has a thing about Asians, he wants all white girls." Mr. McHugh subsequently assured Ms. Shim and Ms. Brown several times that their termination was completely unrelated to their performance.

18. Within about a week, 1 Oak fired all four of its black or Asian employees who worked on the floor serving drinks (as opposed to stocking supplies in the back of the club or performing other duties out of the customer's view), including Ms. Brown and Ms. Shim.

19. Upon information and belief, Mr. Akiva knew that Mr. Sartiano intended to fire Ms. Shim and Ms. Brown because of their race but failed to stop their termination.

20. Defendants engaged in the above-referenced acts with reckless and callous disregard of Plaintiffs' statutory rights.

21. As a result of their loss of employment, Plaintiffs continue to suffer severe economic and emotional distress.

## COUNT I
## Section 1981

22. Plaintiffs incorporate by reference each allegation of each preceding paragraph.

23. In violation of Section 1981, Defendants intentionally discriminated against Plaintiffs on the basis of their race and/or ethnicity by discharging Plaintiffs.

24. Defendants acted with reckless and callous disregard of Plaintiffs' federally protected rights under Section 1981.

## COUNT II
## NYSHRL

25. Plaintiffs incorporate by reference each allegation of each preceding paragraph.

4

26. In violation of NYSHRL, Defendants intentionally discriminated against Plaintiffs on the basis of their race, color, gender and ethnicity by discharging Plaintiffs.

## COUNT III
## NYCHRL

27. Plaintiffs incorporate by reference each allegation of each preceding paragraph.

28. In violation of NYCHRL, Defendants intentionally discriminated against Plaintiffs on the basis of their race, color, gender and ethnicity by discharging Plaintiffs.

29. Defendants acted with reckless and callous disregard for Plaintiffs' rights under the NYCHRL.


WHEREFORE, plaintiffs respectfully request that this Court enter a judgment:

A. declaring that Defendants' actions and practices violated Section 1981, the NYSHRL, and the NYCHRL;

B. permanently enjoining Defendants from engaging in actions or practices that discriminate against any employees or job applicants because of their race, ethnicity, or color;

C. directing Defendants to make plaintiffs whole by providing their front pay, back pay, reimbursement for any and all lost benefits, and reimbursement for any and all medical expenses for injuries caused or exacerbated by Defendants;

D. directing Defendants to pay Plaintiffs compensatory damages for their emotional distress caused by Defendant's discrimination and harassment against them;

E. directing Defendants to pay Plaintiffs punitive damages sufficient to punish and deter continuation of Defendants' unlawful employment practices;

F. awarding Plaintiffs reasonable attorney's fees and costs;

G. granting additional relief as this Court deems just and proper.

Dated: New York, New York
April 13, 2009

Respectfully submitted,
Joseph & Herzfeld LLP

By: _____
Charles Joseph (CJ 9442)
D. Maimon Kirschenbaum (DK 2338)
Joseph & Herzfeld LLP
757 Third Avenue
25th Floor
New York, NY 10017
Attorneys for Plaintiff

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims properly triable by a jury.